# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23681-Civ-WILLIAMS/TORRES

ANDRES GOMEZ,

    Plaintiff,

v.

BIRD AUTOMOTIVE, LLC and
BIRD ROAD MOTORS, INC.,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on Andres Gomez's ("Plaintiff") motion to strike Bird Automotive, LLC's ("Defendant") affirmative defenses. [D.E. 13]. Defendant responded to Plaintiff's motion on November 15, 2019 [D.E. 15] to which Plaintiff replied on November 22, 2019. [D.E. 16]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, and relevant authority, and for the reasons discussed below, Plaintiff's motion to strike is **GRANTED**.

## I. APPLICABLE PRINCIPLES AND LAW

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters,* 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.,* 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally

2

disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.,* 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Katz*, 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without

prejudice and grant the defendant leave to amend the defense. *Microsoft Corp.*, 211 F.R.D. at 684.

## II. ANALYSIS

Plaintiff's motion seeks to strike thirty-six affirmative defenses.[1] Plaintiff argues that these defenses must be stricken because they are conclusory and fail to allege a plausible defense as required under *Twombly*. Plaintiff also claims that many of the defenses are improper denials and fail to present "new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (citing *Florida East Coast Railway Co. v. Peters,* 73 So. 151 (Fla. 1916)). Plaintiff suggests that, in reviewing these defenses, one can only guess as to how they apply to the facts of this case. For these reasons, Plaintiff concludes that almost every affirmative defense must be stricken.

Defendant contends, on the other hand, that Plaintiff's motion lacks merit because Defendant gave Plaintiff fair notice of its defenses and the grounds upon which they rest. Defendant also argues that its defenses need not comply with *Twombly's* plausibility requirements and Defendant rejects the allegation that its defenses constitute mere denials. Defendant claims, for example, that an affirmative defense premised on the failure to state a claim is permissible and that Plaintiff fails to rely on any authority suggesting otherwise. Accordingly, Defendant requests that Plaintiff's motion be denied.

---

[1] Defendant agreed to withdraw several affirmative defenses, including 8-13 and 38.

Before we consider the merits of the motion to strike, the parties disagree as to whether *Twombly* applies to affirmative defenses. We acknowledge that there is a split of authority in the Eleventh Circuit on the question presented. "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1*, LLC, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). In fact, no United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal* applies to affirmative defenses "and the district courts that have considered it do not agree on an answer." *Owen v. Am. Shipyard Co., LLC*, 2016 WL 1465348, at *1 (D.R.I. Apr. 14, 2016) (citing Stephen Mayer, Note, *An Implausible Standard for Affirmative Defenses,* 112 Mich. L. Rev. 275, 276 (2013) ("More than one hundred federal cases have contemplated whether the plausibility standard outlined in [Twombly and Iqbal] applies to affirmative defenses, yet the districts remain divided, and no court of appeals has yet addressed the issue."); Justin Rand, *Tightening Twiqbal: Why Plausibility Must Be Confined to the Complaint*, 9 Fed. Cts. L. Rev. 79 (2016)).

On one hand, many courts have held that affirmative defenses are subject to the heightened pleading standard set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). *See also Home Mgmt. Sols., Inc.*, 2007 WL 2412834, at *2 ("Affirmative defenses, however, are subject to the general pleading requirements of

5

Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations.") (citing *Merrill Lynch Bus. Fin. Serv.,* 2005 WL 975773, at *11) (citing *Microsoft Corp.,* 211 F.R.D. at 684); *see also Torres v. TPUSA, Inc.,* 2009 WL 764466 (M.D. Fla. Mar. 19, 2009) (affirmative defense stating that plaintiff fails to state a claim upon which relief can be granted provides no basis on which the court can determine a plausible basis for this defense); *see also Holtzman v. B/E Aerospace, Inc.,* 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); *see also Home Mgmt. Solutions, Inc.* 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.") (brackets omitted) (quoting *Twombly,* 550 U.S. at 556 n.3).

On the other hand, some courts have held that the heightened pleading standard described in *Twombly* and *Iqbal* only applies to the allegations in complaints – not affirmative defenses. *See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.,* 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville,* 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla.

Oct. 10, 2013); *Blanc v. Safetouch, Inc.,* 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008). The basis for these decisions stem from the differences between Rule 8(a) – which apply to the pleading of claims – and Rules 8(b) and (c) which apply to affirmative defenses.

In debating whether *Twombly* and *Iqbal* apply to affirmative defenses, many parties rely on the language in Rules 8(a) and 8(b). Rule 8(a) requires "a short and plain statement of the claim *showing* that the pleader is entitled to relief," whereas Rule 8(b) requires that a party "*state* in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b) (emphasis added). Some parties have speculated that Rule 8(a) requires a party to "show" an entitlement to relief whereas Rule 8(b) merely requires a party to "state" an affirmative defense. *See Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162 (M.D. Fla. May 6, 2014) ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *see also Laferte*, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) ("The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant."); *Owen,* 2016 WL 1465348, at *2 ("Applying different pleading standards recognizes the differences between these words; 'showing' requires some factual underpinnings to plead a plausible claim, while 'stating' contemplates that defendants can plead their defenses in a more cursory fashion."); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and

7

defenses"); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Floyd*, 2011 WL 2441744 at *7 ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted).

The Court is persuaded – by three considerations – that *both* complaints and affirmative defenses are subject to *Twombly* and *Iqbal*. First, *Iqbal's* extension of the *Twombly* pleading standard was premised on *Twombly's* holding that the purpose of Rule 8 – in general – was to give parties notice of the basis for the claims being sought. Importantly, the Supreme Court discussed Rule 8 at large and never limited its holding solely to complaints. Plaintiff's reliance on a subtle difference in wording (i.e. "show" and "state") between Rule 8(a) and 8(b) is unpersuasive because the purpose of pleading sufficient facts is to give fair notice to the opposing party that there is a plausible and factual basis for the assertion and not to suggest that it might simply apply to the case. This was the foundation for the decisions in *Twombly* and *Iqbal* and it applies equally to complaints and affirmative defenses.

Second "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [his] claim under one pleading standard and then permit the defendant [or counter-defendant] under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, at

\*2 (S.D. Fla. Aug. 2, 2010) (quoting *Palmer v. Oakland Farms, Inc.,* 2010 WL 2605179, at \*4 (W.D. Va. June 24, 2010)). And third, "when defendants are permitted to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Castillo,* 2010 WL 3027726, at \*3 (citation and internal quotation marks omitted).

When coupling the three considerations discussed above with the fact that a majority of courts have agreed with this position, we hold that there is no separate standard for complaints and affirmative defenses in connection with Rule 8. *See, e.g.*, *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses.") (citing *CTF Dev., \*1172 Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, at \*7–8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n.15 (D. Kan. 2009) (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses)).

Having established that *Twombly* applies to affirmative defenses, Plaintiff's motion is well taken because many of the defenses are vague, conclusory, and otherwise fail to describe how they apply to the facts of this case. The lack of

9

factual support runs rampant as many of the defenses are merely one sentence long. Another noticeable shortfall is the fact that many of these defenses are not pleaded as affirmative defenses. By definition, "an affirmative defense is something that, if proven, will reduce or eliminate a plaintiff's recovery even if the plaintiff established a prima facie case." *F.D.I.C. v. Stovall*, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014). "For example, responding that plaintiff's complaint fails to state a claim upon which relief may be granted—the standard for dismissal under Rule 12(b)(6)—or that defendants did not owe plaintiff a duty does not raise an affirmative defense." *Id*. (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2010) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.")). While the Court will not articulate how each defense is defective – to avoid being repetitive – a few examples are instructive.

The first affirmative defense is the most appropriate place to start. The defense states that Plaintiff has failed to state a claim upon which relief can be granted for violation of 42 U.S.C. § 12182(b)(2)(A)(ii) because Defendant provided Plaintiff with a "good, service, facility, privilege, advantage, or accommodation that was equal to that afforded to other individuals." [D.E. 11]. This defense fails, at the outset, because it fails to explain how it applies to the facts of this case. *See Perlman v. Wells Fargo Bank, N.A.*, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014) (striking affirmative defense that "state legal doctrines or terms, but neither state how or why such defenses might apply to Plaintiff's claims, nor state facts in support of their application."). It also fails because "it is no more than a recitation

10

of the standard for dismissal under Rule 12(b)(6) and "is a bare-bones conclusory allegation that fails to notify Plaintiff of the deficiencies in the complaint." *Valdez v. Smith & Deshields, Inc.*, 2008 WL 4861547, at *2 (S.D. Fla. Nov. 10, 2008) (citing *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp 2d 800, 803-04 (N.D. Ill. 2000) (finding that a simple recitation of the standard for dismissal under Rule 12(b)(6) is an abdication of a party's responsibility for alleging facts demonstrating an entitlement to relief); *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (same)). Accordingly, the first affirmative defense cannot stand.

The second affirmative defense is worse than the preceding one because it states that Plaintiff's "claims are barred in whole or in part because [Plaintiff] lacks standing to pursue the claims asserted." [D.E. 11]. This defense falls woefully short because it literally gives Plaintiff no notice as to how it applies to this case. It is merely a conclusory statement that violates even the most basic principles of Rule 8(c) that requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Because Plaintiff has abdicated its responsibility for alleging basic facts demonstrating an entitlement to relief, the second affirmative defense must be stricken.

The final affirmative defense that the Court will touch upon is the fourteenth defense that states how Plaintiff failed to establish the required nexus between a website and Defendant's physical premises. This defense falls short because, if anything, it merely identifies a defect in Plaintiff's complaint as opposed to reasons

11

that explain how Defendant is not liable. Indeed, it is well settled that "[a] defense which points out a defect in the . . . prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); *see also Roberge v. Hannah Marine Corp.*, 124 F.3d 199, 199 (6th Cir. 1997) ("An affirmative defense . . . does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."). These defenses are sometimes referred to as "negative" defenses because they are simply an attack on a party's prima facie case. *See, e.g., Mister v. Dart*, 2014 WL 2922830, at *2 (N.D. Ill. June 26, 2014) (citing *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D. Ill. 2011) ("[A] negative defense is an attack on a plaintiff's prima facie case.")). As the Sixth Circuit explained in *Ford Motor Co. v. Transport Indemnity Co.*, an affirmative defense presents an extraneous reason that helps a defendant avoid liability:

> An affirmative defense raises matters extraneous to the plaintiff's prima facie case; as such, they are derived from the common law plea of 'confession and avoidance.' On the other hand, some defenses negate an element of the plaintiff's prima facie case; these defenses are excluded from the definition of affirmative defense in Fed. R. Civ. P. 8(c).

795 F.2d 538, 546 (6th Cir. 1986) (internal citations omitted).

While we do not dispute the veracity of the fourteenth affirmative defense, it is completely unclear as to how it helps Defendant avoid liability. The same is true for many of the other affirmative defenses because – other than being hopelessly vague and conclusory – they fail to negate the allegations included in Plaintiff's complaint. The Court could, of course, go one-by-one through each affirmative

defense and give detailed reasons as to how they are inadequate. But, there is no reason to do so when most, if not all, of the defenses fail for multiple reasons. As the defenses stand now, they are vague, conclusory, constitute mere denials, and otherwise fail to give sufficient factual support to meet the pleading requirements under *Twombly*. We therefore need go no further in the disposition of Plaintiff's motion to strike as each affirmative defense needs to be revisited so that it complies with the reasons already stated. Accordingly, Plaintiff's motion to strike is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike [D.E. 13] is **GRANTED**. Any amended answer shall be filed within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of November, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge